**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| ROSELLE DENNIS, | Civil Action No:_____ |
| Plaintiff, | |
| v. | COMPLAINT |
| FIRST ADVANTAGE BACKGROUND SERVICES CORP, | DEMAND FOR JURY TRIAL |
| Defendant, | |

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

NOW COMES, Plaintiff ROSELLE DENNIS ("Plaintiff") by and through her attorneys, JAFFER & ASSOCIATES, PLLC, and files this *Complaint* against Defendant FIRST ADVANTAGE BACKGROUND SERVICES CORP, ("First Advantage" or "Defendant"), and alleges, upon information and belief, the following:

**PRELIMINARY STATEMENT**

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1681 *et seq.* the Fair Credit Reporting Act ("FCRA").

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, 1334 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate Court of competent jurisdiction.

3.     Venue in this district is proper under 28 U.S.C. § 1391b(1), 28 U.S.C. § 1391b(2), and 28 U.S.C. § 1391b(3) because the Defendant resides in this district.

## PARTIES AND SERVICE

**Plaintiff Roselle Dennis**

4.      Plaintiff is a resident of Fairfield County, Connecticut.

5.      At all times material hereto, Plaintiff is a "Consumer," as defined by 15 U.S.C. § 1681a(c).

**Defendant First Advantage Background Services Corp**

6.      Defendant First Advantage is a "Consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(f) and conducts substantial business in this judicial district with its corporate headquarters located at 1 Concourse Parkway NE, Suite 200, Atlanta, GA 30328 in this district. Defendant may be served with process upon CORPORATION SERVICE COMPANY, its registered agent for service of process, at 2 Sun Court, Suite 400, Peach Tree Corners, GA 30092.

7.      At all times material hereto, Defendant is a "Consumer Reporting Agency" who regularly engages in interstate commerce by and through the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing consumer reports to third parties as said term is defined under 15 U.S.C. § 1681d.

8.      Among other things, Defendant sells background checks to employers for the use of deciding whether to offer employment to prospective employees or to take adverse action such as termination, failure to hire, or failure to promote. These reports are provided in connection with a business transaction initiated by the employer.

## FACTUAL ALLEGATIONS

9.      In January 2022, Plaintiff was employed by Amazon.com, Inc. ("Amazon").

10.     In January 2022, Amazon informed Plaintiff that Plaintiff's continued employment with Amazon was contingent on Plaintiff passing a background check with Defendant First Advantage.

11.     On or about January 31, 2022, Amazon requested a background check consumer report on

Plaintiff from Defendant First Advantage.

12.     On or about February 17, 2022, Defendant First Advantage published a background check consumer report (the "Report") on Plaintiff to Amazon.

13.     Defendant's Report contained false and erroneous criminal history information that did not belong to Plaintiff.

14.     Defendant First Advantage falsely and erroneously published to Amazon that Plaintiff was arrested in Fairfield County, Connecticut in May 2021 for a third-degree assault, case no.: F02B-CR21-0341202-S (the "Charge").

15.     Plaintiff has never been arrested nor charged with the Charge.

16.     The Fairfield County, Connecticut court records do not yield any search results for Plaintiff's full name. See **<u>Exhibit "A"</u>**, a true and correct copy of the search results for "Roselle Dennis" on the Fairfield County court records website.

17.     The Fairfield County, Connecticut court records do not yield any search results for the case number indicated by the Charge in the Report. See **<u>Exhibit "B"</u>**, a true and correct copy of the search results for "F02B-CR21-0341202-S" on the Fairfield County court records website.

18.     Defendant First Advantage falsely and erroneously published another individual's criminal history on Plaintiff's consumer report that did not belong to her.

19.     The false and erroneous reporting of the Charge on the Report is objectively likely to mislead intended users of the Report and misled Amazon.

20.     Amazon subsequently terminated Plaintiff's employment because of the criminal history falsely published by Defendant First Advantage.

21.     Defendant First Advantage did not follow reasonable procedures to assure maximum accuracy in the preparation of Plaintiff's Report because First Advantage published a Report

relating to Plaintiff which contained false and erroneous information pertaining to Plaintiff's criminal history.

22.     Defendant First Advantage failed to take adequate steps to verify information before First Advantage included it in Plaintiff's consumer report and later published the Report to Amazon.

23.     Due to Defendant First Advantage's negligent or willful failure to establish or follow reasonable procedures to ensure maximum possible accuracy, Plaintiff suffers from employment denials, exasperation of time to fix the erroneous Report published by First Advantage, loss of wages, mental anguish and emotional distress, consequential damages, anxiety, lack of sleep, loss of appetite, and added stress to her daily routine.

24.     Defendant First Advantage willfully or negligently failed to comply with its obligations under 15 U.S.C. § 1681e(b).

**<u>FIRST CAUSE OF ACTION</u>**
**Violation of the Fair Credit Reporting Act**
**Negligent Violation of 15 U.S.C. § 1681e(b) as to Defendant First Advantage**

25.     Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

26.     This is an action for negligent violation of the FCRA 15 U.S.C. § 1681 *et seq.*

27.     Defendant First Advantage has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

   a.   The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

   b.   The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Defendant to delete; and

   c.   The failure to take adequate steps to verify the information Defendant had reason

to believe was inaccurate before including it in the background check report of the consumer.

28.     As a result of Defendant's negligent violation of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

29.     Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were negligent, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

30.     Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CAUSE OF ACTION
### Violation of the Fair Credit Reporting Act
### Willful Violation of 15 U.S.C. § 1681e(b) as to Defendant First Advantage

31.     Plaintiff re-alleges and incorporates by reference all the allegations set forth in the precedent paragraphs as if fully stated at length herein.

32.     This is an action for willful violation of the FCRA 15 U.S.C. § 1681 *et seq.*

33.     Defendant First Advantage has negligently failed to comply with the FCRA. The failures of the Defendant to comply with the FCRA include but are not necessarily limited to the following:

    a.  The failure to follow reasonable procedures to assure maximum accuracy of the information reported;

    b.  The failure to promptly delete information that was found to be inaccurate, or could

not be verified, or that the source of information had advised Defendant to delete; and

c. The failure to take adequate steps to verify the information Defendant had reason to believe was inaccurate before including it in the background check report of the consumer.

34.     As a result of Defendant's willful violation of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities; loss of time and money trying to establish to the prospective employer that the criminal record was reported inaccurately; the expenditure of labor and effort to secure the court records and provide them to the prospective employer; damage to her reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

35.     Defendant violated 15 U.S.C. § 1681e(b) in that its conduct, actions and inaction were willful, rendering them liable for actual damages, statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

36.     Plaintiff is entitled to recover statutory damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## **DEMAND FOR A TRIAL BY JURY**

37.     Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff seeks judgment against Defendant as follows:

1. Awarding Plaintiff actual damages provided and pursuant to 15 U.S.C. § 1681o from Defendant First Advantage;

2. Awarding Plaintiff statutory damages provided and pursuant to 15 U.S.C. § 1681n from Defendant First Advantage;

3. Awarding Plaintiff punitive damages provided and pursuant to 15 U.S.C. § 1681n from Defendant First Advantage; and

4. Awarding Plaintiff any such other and further relief, as well as further costs, expenses, and disbursements of this action as this Court may deem just and proper.

**Dated:** January 29, 2024                         Respectfully submitted

                                        JAFFER & ASSOCIATES PLLC

                                        /s/ *Shawn Jaffer*
                                        **Shawn Jaffer**
                                        Georgia Bar No. 156625
                                        14355 Cogburn Rd
                                        Alpharetta, GA 30004
                                        Tel:    (404) 912-5410
                                        Fax:    (469) 669-0786
                                        Email: national@jaffer.law
                                        ***Attorneys for Plaintiff***